**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:13-cr-00011-HDM-WGC |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| BYRON TRENT DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

On January 20, 2015, the court granted the government's application for an order deeming the attorney-client privilege waived and ordered:

> The attorney-client privilege between defendant and former counsel Mary Boetsch is waived for the purposes of proceeding as to all contentions raised in defendant's motion. Ms. Boetsch shall provide the government with an affidavit or declaration, as well as any relevant materials and information, addressing the allegations and matters raised in defendant's motion on or before February 20, 2015.

On February 25, 2015, after receiving an untimely opposition from the defendant, the court reaffirmed its order, noting that it "granted waiver of the privilege only as necessary to address the contentions of defendant's petition" and thus the waiver was "sufficiently narrowly drawn." (Ord. Dated Feb. 25, 2015).

On March 19, 2015, defendant filed a motion to reconsider and

1

vacate the order of February 25, 2015.  In the motion defendant argues that: (1) the court lacked jurisdiction to order discovery because the government's motion did not make the requisite showing under Rule 6(b) of the Rules Governing Section 2255 Proceedings; (2) the court's order was overly broad and contained no provision to balance a legitimate need for discovery with the actual potential for prejudice; and (3) the court's order deprived defendant of his "due process right pursuant to 28 U.S.C. § 2255(b) to have the Court determine within a reasonable time whether the 2255 Motion and supplemental Brief proved conclusively that he was entitled to no hearing."  (Doc. #66 at 2).

Under Rule 6(b), a "party requesting discovery must provide reasons for the request.  The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents."  Defendant argues that the government's motion was deficient because it did not provide any reasons for the request and did not include proposed interrogatories, requests for admission or specific requested documents.  Thus, he argues, the court order granting discovery of "any relevant materials and information" was improper.

The government's motion identified defendant's ineffective assistance of counsel claims as the reason it needed to obtain information from former counsel Mary Boetsch and specifically sought from former counsel Mary Boetsch an affidavit or declaration.  Defendant raises multiple claims of ineffective assistance of counsel, many of which rest directly on communications he had with counsel and decisions counsel made regarding her representation of him.  Accordingly, the government's

request for a declaration or affidavit from former counsel Mary Boetsch complied with Rule 6(b), and good cause existed for the court to authorize this discovery from former counsel Mary Boetsch.

However, the government's request did not provide a list of other specific documents it sought from former counsel Mary Boetsch, requesting instead "any relevant materials" in former counsel Mary Boetsch's possession necessary to address the defendant's contentions in his § 2255 petition.[1]  Accordingly the court's orders of January 20, 2015, and February 25, 2015, are clarified by limiting their scope to the filing of the affidavit by former counsel Mary Boetsch as requested by the government.  Should the government seek to obtain and use in these proceedings any other documents from former counsel Mary Boetsch, it shall submit a request for specific documents in accordance with Rule 6(b).  Any documents other than the affidavit that have been obtained by the government under the court's earlier orders of January 20, 2015, and February 25, 2015, shall be returned to former counsel Mary Boetsch and shall not be relied upon in these proceedings absent further authorization of the court and shall not be distributed to any third parties and shall not be used for any purpose other than proceeding on defendant's § 2255 petition.

Defendant also appears to argue that discovery should not be ordered until an evidentiary hearing is held.  (*See id.* at 3:17-20).  He cites no authority for this proposition, which is in fact contrary to the law.  *See* Rules Governing § 2255 Proceedings Rule 6 adv. notes (incorporating advisory notes for Rules Governing § 2254

---

[1] The government's request did not seek any interrogatories or requests for admissions nor did the court order any.

3

Proceedings Rule 6, which recognize the court may order discovery to determine whether an evidentiary hearing is necessary); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997) ("[D]iscovery is available to habeas petitioners at the discretion of the district court judge for good cause shown, regardless of whether there is to be an evidentiary hearing."). Defendant's assertion that the court must determine *now* whether he is entitled to an evidentiary hearing is without merit. The court will determine whether an evidentiary hearing is necessary once defendant's petition is fully briefed.

A "defendant impliedly waives his attorney-client privilege the moment he files a habeas petition alleging ineffective assistance of counsel." *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012). While defendant is correct that the waiver must be "no broader than needed to ensure the fairness of the proceedings before it," *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003), and that the court "*must* enter the appropriate orders clearly delineating the contours of the limited waiver before the commencement of discovery and strictly police those limits thereafter," *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012), the court's orders of January 20, 2015, and February 25, 2015, complied with these mandates. Under those orders, the waiver was limited in scope to communications and materials necessary to address the defendant's contentions in his § 2255 petition, which consists almost entirely of ineffective assistance of counsel claims. The orders stated the purpose of the waiver was to proceed on defendant's § 2255 petition. As previously stated, the defendant's attorney-client privilege with former counsel Mary Boetsch has been waived only as necessary to address the

4

allegations of ineffective assistance of counsel raised in defendant's § 2255 petition and no further. In addition, any information obtained from this waiver, including the information contained in former counsel Mary Boetsch's affidavit, may be used only in these § 2255 proceedings and for no other purpose.

The court having clarified its orders of January 20, 2015, and February 25, 2015, the motion to reconsider and vacate (#66) is **DENIED**. The affidavit of Mary Boetsch filed on March 19, 2015, (Doc. #64-1 & Doc. #65) is hereby unsealed.

IT IS SO ORDERED.

DATED: This 10th day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE

5