**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:13-cr-00011-HDM-WGC |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| BYRON TRENT DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is defendant's application for an order certifying an interlocutory appeal pursuant to 28 USA § 1292(b) or a stay of proceedings to allow defendant to present a petition to the Ninth Circuit Court of Appeals for mandamus relief, filed May 1, 2015.

**History**

Defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody in the above-captioned case. (#45). The government requested the court enter an order waiving defendant's attorney-client privilege with respect to Mary Boetsch, Esq., as defendant alleges that his trial attorney provided ineffective assistance of counsel "[d]ue to deception, fraud, and other bad acts and

1

omissions" which caused defendant to "unknowingly, unintentionally, and involuntarily" enter into a plea agreement with the government and enter a guilty plea. #45 at 4.

On January 20, 2015, the court granted the government's application for an order deeming the attorney-client privilege waived and ordered:

> The attorney-client privilege between defendant and former counsel Mary Boetsch is waived for the purposes of proceeding as to all contentions raised in defendant's motion. Ms. Boetsch shall provide the government with an affidavit or declaration, as well as any relevant materials and information, addressing the allegations and matters raised in defendant's motion on or before February 20, 2015.

On February 25, 2015, after receiving an untimely opposition from the defendant, the court reaffirmed its order, noting that it "granted waiver of the privilege only as necessary to address the contentions of defendant's petition" and thus the waiver was "sufficiently narrowly drawn." (Ord. Dated Feb. 25, 2015).

On March 19, 2015, defendant filed a motion to reconsider and vacate the order of February 25, 2015. In denying that motion on April 10, 2015, the court clarified its orders of January 20, 2015, and February 25, 2015, to limit their scope to the filing of an affidavit by defendant's former counsel Mary Boetsch.[1] Defendant now seeks certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), or, in the alternative, a stay of the proceedings to give him time to petition the court of appeals for a writ of mandamus.

---

[1] In effect, the court struck the "as well as any relevant materials" portion of the January 20, 2015, order.

2

**Legal Standard**

28 U.S.C. § 1292(b) states, in relevant part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such an order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

There are therefore three preconditions for 1292(b) review - the order must involve a controlling question of the law; there must be substantial ground for difference of opinion; and it must be true that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

**Analysis**

Defendant asserts the court's orders concerning the waiver of his attorney-client privilege with former counsel Mary Boetsch involve a controlling question of law. He contends discovery of information protected by the attorney-client privilege is limited by 28 USC § 2255, Rule 6, and that the court erred in approving waiver of the privilege.

Rule 6 states a party requesting discovery must provide reasons for the request. *See* 28 USC § 2255, Rule 6(b). The government's motion (#57) identified defendant's ineffective assistance of counsel claims as the reason it needed to obtain information from former counsel Mary Boetsch and specifically sought from former counsel Mary Boetsch an affidavit or declaration.

Defendant's application fails as he has not demonstrated a substantial ground for difference of opinion or that an immediate

3

appeal from the order may materially advance the ultimate termination of the litigation.

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (citing *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967)).

That defendant has waived his attorney-client privilege is axiomatic. There is no viable dispute under 28 USC § 2255, Rule 6, over the presence of a waiver following a claim of ineffective assistance of counsel. Consequently, defendant has not demonstrated his application involves a controlling question of the law for which there is a substantial ground for difference of opinion.

Additionally, defendant has not demonstrated that an immediate appeal from the order may materially advance the ultimate termination of the litigation. An interlocutory appeal pursuant to 28 USA § 1292(b) is not intended as merely a routine means for a party to seek review of an order not otherwise appealable. By raising a claim of ineffective assistance of counsel, defendant has opened the door to otherwise privileged information. The current application will not materially advance the ultimate termination of litigation, but rather protract litigation unnecessarily.

Defendant protests the *scope* of the waiver and cites lines of the affidavit he believes are irrelevant and should not be included. *See* #71 at 5. An application for an order certifying an

4

interlocutory appeal based upon defendant's protest is unwarranted under the clear language of the statute. If defendant can demonstrate the lines extend beyond the scope of his § 2255 petition, however, he has recourse.[2] The court's orders limited the affidavit to only such information as is necessary to address the contentions of defendant's petition.

**Conclusion**

Accordingly, and based on the foregoing, defendant's application for an order certifying an interlocutory appeal pursuant to 28 USA § 1292(b) or a stay of proceedings to allow defendant to present a petition to the Ninth Circuit Court of Appeals for mandamus relief is **DENIED**.

IT IS SO ORDERED.

DATED: This 11th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Indeed, if defendant believes certain lines of the affidavit present information outside the scope of responding to matters present in defendant's § 2255 motion, he is permitted to file a motion to strike the offending sections under FRCP 12(f).

5