# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:13-cr-00011-HDM-WGC |
| | ) | 3:14-cv-00650-HDM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BYRON TRENT DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is the defendant's application to strike the affidavit of Mary Boetsch (#75). The government has responded (#79), and defendant has replied (#80).

On December 9, 2014, defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion raised a number of ineffective assistance of counsel claims directed at defendant's former counsel, Mary Boetsch.

On January 20, 2015, the court granted the government's motion for order deeming the attorney-client privilege waived and directed Boetsch to provide the government with an affidavit responsive to defendant's allegations on or before February 20, 2015. On February 4, 2015, defendant filed a motion for an extension of time to oppose the government's motion, as well as his opposition. On February 25, 2015, the court denied the motion for extension of time and reaffirmed its order of January 20, 2015.

On March 13, 2015, defendant moved for reconsideration of the court's February 25, 2015, order.  On April 10, 2015, the court denied defendant's motion and clarified its prior orders regarding the scope of the waiver of the attorney-client privilege.

Meanwhile, on March 19, 2015, Boetsch's affidavit had been filed along with the government's response to defendant's petition.

On April 24, 2015, defendant filed a motion for an order certifying an interlocutory appeal.  The court denied the motion in an order dated May 11, 2015.  In its order, the court noted that if "defendant believes certain lines of the affidavit present information outside the scope of responding to matters present in defendant's § 2255 motion, he is permitted to file a motion to strike the offending sections under FRCP 12(f)."  (Doc. #72 at 5 n.2).

On May 27, 2015, defendant filed his application to strike Boetsch's affidavit.

Defendant's motion continues to assert arguments related to the waiver of privilege that he asserted in his various earlier pleadings.  The court has already rejected those arguments by way of its orders of January 20, 2015, April 10, 2015, and May 11, 2015.

Paragraph three of defendant's application objects to the fact the affidavit was provided directly to government counsel. Defendant argues that he should have been able to look at it first so he could amend or modify his ineffective assistance of counsel claims in order to preserve his attorney-client privilege. Defendant cites no authority for the proposition that he should have had first glance at the affidavit.  However, should defendant

2

wish to modify or amend his petition in order to preserve his privilege in whole or in part, he may file an amended petition or on or before November 17, 2015.

Paragraph four of defendant's application asserts that Boetsch's affidavit is overly broad but identifies only a few specific statements. It appears, however, that defendant is objecting to far more of the affidavit than the few specific sentences he cites. The court cannot divine what lines and/or paragraphs of the affidavit defendant believes correspond to his broad objection. Accordingly, defendant is hereby granted leave to file a supplement to his motion to strike that identifies each line or paragraph that he believes is beyond the permissible scope of the waiver of his privilege. The supplement shall identify all such lines or paragraphs with a citation to the page and line number of the statement(s). Defendant shall file his supplement on or before November 17, 2015. The government shall file any response by December 1, 2015, and defendant shall file any reply by December 11, 2015. The court will consider defendant's application to strike only as to those statements that are identified by a page and line number citation contained in a timely filed supplement. Should defendant fail to file a supplement, the court will consider the application to strike only as to those specific statements identified in the original application.

IT IS SO ORDERED.

DATED: This 16th day of October, 2015.

_____
UNITED STATES DISTRICT JUDGE