# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:13-cr-00011-HDM-WGC |
| | 3:14-cv-00650-HDM |
| Plaintiff, | |
| vs. | ORDER |
| BYRON TRENT DAVIS, | |
| Defendant. | |

Before the court is the defendant's application to strike the affidavit of Mary Boetsch (#75). The government has responded (#79), and defendant has replied (#80). On November 23, 2015, defendant filed a supplement to the application (#90). The government has responded (#95), and defendant has replied (#98).

On December 9, 2014, defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion raised a number of ineffective assistance of counsel claims directed at defendant's former counsel, Mary Boetsch. On January 20, 2015, the court granted the government's motion for order deeming the attorney-client privilege waived and directed Boetsch to provide the government with an affidavit responsive to defendant's allegations.

1

On March 19, 2015, Boetsch's affidavit was filed along with the government's response to defendant's petition. On May 27, 2015, defendant filed an application to strike Boetsch's affidavit. On October 16, 2015, the court denied the majority of defendant's arguments – many of which had been denied before – but reserved on ruling on any objections defendant had to specific lines of the affidavit. The court directed the defendant to file a supplement identifying "each line or paragraph that he believes is beyond the permissible scope of the waiver of his privilege." (Doc. #87).

Defendant's supplement filed November 23, 2015, identifies a number of specific lines and paragraphs that he argues should be stricken. The objections are largely without merit. Most of Boetsch's affidavit responds to defendant's claims of ineffective assistance of counsel. Many of the statements relate directly to claims defendant has made; others relate indirectly but explain the strategy underlying those decisions of Boetsch's that defendant challenges. There is no basis for striking any such statements. However, a handful of statements are in fact either irrelevant or unnecessary to respond to defendant's motion, and as to those statements the defendant's objections are sustained. Those statements are:

- Page 3:21-24: Beginning "We viewed a portion. . . ." and ending with "We did not view that portion."
- Page 5:17-6:6: Beginning "Mr. Davis was the sole provider . . . ." and ending "he attended the classes."
- Page 7:5-9: Beginning "Due to the nature . . . ." and ending "prior to telling his wife."
- Page 8:3-5: Beginning "After Mr. Davis was sentenced . . .

2

." and ending "now had to pay."

The defendant's application to strike (#75, #90) is therefore **GRANTED IN PART**, and the lines of Boetsch's affidavit set forth above are hereby **STRICKEN** from her affidavit.

IT IS SO ORDERED.

DATED: This 2nd day of May, 2016.

*Howard D McKibben*
_____
UNITED STATES DISTRICT JUDGE